IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO



Civil Action No. '10 - CV - 00618 BnB

JERRY MASKE,

Applicant,

v.

MARY CHAPPELL, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION
AND DISMISSING THE ACTION

Applicant Jerry Maske currently resides in Aurora, Colorado. Mr. Maske, acting *pro se*, submitted an Application for A Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 to the Court on March 5, 2010. The Clerk of the Court will be directed to commence a civil action. For the reasons discussed below, the Court will dismiss the action.

The Court has permanently enjoined Mr. Maske from filing any *pro se* civil actions without first obtaining leave of the Court to proceed *pro se*. See *Maske v. IBM*, No. 09-cv-01805-ZLW, Doc. No. 5 (D. Colo. Nov. 5, 2009). In order to obtain permission to proceed *pro se*, Mr. Maske must submit with any civil action he seeks to file (1) a petition requesting leave to file a *pro se* action; (2) a list of all lawsuits currently pending or filed with this Court; (3) a list of all outstanding injunctions or orders

limiting Mr. Maske's access to this court; and (4) a notarized affidavit that includes certain information. *See Maske v. Aurora Animal Care, et al.*, No. 09-cv-02751-ZLW, Doc. No. 2 (D. Colo. Nov. 24, 2009). The affidavit must include (1) a statement of the issues Mr. Maske seeks to present, including a short discussion of the legal issues; (2) a certification that the legal arguments are not frivolous or repetitive of legal arguments previously presented to the Court and that they are warranted by existing law or a good-faith argument for extension, modification, or reversal of existing law; and (3) a statement by Mr. Maske that he will comply with all federal and local rules of this Court. *Id.*

Mr. Maske has failed to comply with all of the filing requirements set forth in Case Nos. 09-cv-01805-ZLW and 09-cv-02751-ZLW. Mr. Maske's discussion of the legal issues fails to demonstrate that his claims are not frivolous or repetitive of legal arguments he previously presented to the Court. Mr. Maske also fails to comply with the pleading requirements of Fed. R. Civ. P. 8(a). Finally, Mr. Maske again cites to 18 U.S.C. § 245 and the "Matthew Shepard and James Byrd, Jr. Hate Crimes Prevention Act" as the basis for his legal arguments. Neither of these statutes provide a legal basis for Mr. Maske's claims in a 28 U.S.C. § 2254 action.

Though this Court will not impose monetary sanctions at this time, it certainly has the power to do so. Fed. R. Civ. P. 11(b) (**pro se** litigants must comply with the provisions of Rule 11(b)). *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005) (plaintiff's status as a *pro se* litigant does not prevent the court from imposing sanctions) (citing *Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir. 2003)). If

2

Mr. Maske files any new actions that fail to comply with the above-noted sanction orders, this Court will consider monetary sanctions. Accordingly, it is

ORDERED that the Clerk of the Court commence this civil action. It is

FURTHER ORDERED that the Application is denied and the action is dismissed without prejudice for the reasons stated above. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Maske has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this 15 day of March, 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10 – CV – 00618

Jerry Maske
2705 Danube Way, Unit 101
Aurora, CO 80013

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/17/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk